UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:17-cv-20581-GAYLES/OTAZO-REYES

FOREMOST SIGNATURE INSURANCE
COMPANY,

    Plaintiff,

v.

SILVERBOYS, LLC, SOJO DESIGN,
LLC, SOFIA JOELSSON, XAVIER COE
a/k/a CHAYANNE COE, and ROBERT
WHITTINGHAM,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss [ECF No. 28]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Court **DENIES** the Motion.

## BACKGROUND

Plaintiff Foremost Signature Insurance Company ("Foremost") brings this action against Defendants SoJo Design, LLC, Sofia Joelsson, and Xavier Coe a/k/a Chayanne Coe (collectively, "SoJo") and Silverboys, LLC ("Silverboys")[1] asking the Court to declare that Foremost has no duty to defend or indemnify SoJo on claims arising from an underlying action between SoJo and Silverboys.

### I. The Underlying Action

On July 12, 2016, Silverboys filed an action against SoJo relating to SoJo's allegedly deficient design and construction of residential buildings in the Bahamas (the "Underlying

---
[1] Silverboys has answered the Complaint [ECF No. 12].

Action"). Silverboys alleged damages "in the millions of dollars." [ECF No. 1, Ex. A]. During the relevant time period, Foremost insured SoJo Design, LLC, pursuant to three consecutive liability insurance policies (the "Policies"). Foremost is currently defending SoJo in the Underlying Action with a reservation of rights.

## II. Procedural Background

On February 25, 2017, Foremost brought this action, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, seeking a declaration that the Policies do not cover Silverboys' claims against SoJo and that, therefore, Foremost has no duty to defend or indemnify SoJo in the Underlying Action. Foremost alleged that this Court has diversity jurisdiction over the declaratory action as the parties are of diverse citizenship and the amount in controversy exceeds $75,000. [ECF No. 1].

On April 26, 2017, SoJo moved to dismiss arguing that (1) Foremost has not alleged the requisite amount in controversy for diversity jurisdiction and (2) Foremost's request for declaratory relief is premature.

## DISCUSSION

## I. Standard of Review

*Rule 12(b)(1) Motion for Lack of Subject Matter Jurisdiction*

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion." *Id.* at 1251. By contrast, a factual attack "challenge[s] 'the existence of

subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645 F.2d at 413), and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

*Rule 12(b)(6) Motion for Failure to State a Claim*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the–defendant–unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997). In reviewing a 12(b)(6) motion, the Court is largely limited to the allegations in the Complaint

and the attached exhibits. However, "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

## II.  Subject Matter Jurisdiction

For this Court to have diversity jurisdiction, there must be complete diversity between the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. With respect to the amount of controversy, courts generally find jurisdiction "unless it appears to a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir.1994) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). The party seeking jurisdiction must "bear[] the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003).

For a declaratory relief action "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). When an insurance company seeks a court's declaration that it has no duty to defend or indemnify its insured, "the court examines the following factors to determine the amount in controversy: (1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying suit." *Clarendon America Ins. Co. v. Miami River Club, Inc.*, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006).

Foremost has met its burden of proving the requisite amount in controversy in this action. Indeed, the Policies provide coverage of up to one million dollars, Silverboys seeks "millions of

dollars" in damages in the Underlying Action, and the costs of defending the Underlying Action are not negligible. Accordingly, the Court finds that the amount in controversy exceeds $75,000.

## III. The Declaratory Judgment Claim is Ripe for Review

### A. Duty to Defend

Under Florida law, an insurer's duty to defend its insured "depends *solely* on the facts and legal theories alleged in the pleadings and claims against the insured." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (quoting *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1275 (11th Cir. 2008)). "The duty to defend arises when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage." *Id*. (internal quotations and citations omitted). However, in "exceptional cases" the Court may consider undisputed extrinsic facts "when it is manifestly obvious to all involved that the actual facts placed the claims outside the scope of coverage." *Stephens*, 749 F.3d at 1324 (11th Cir. 2014) (quoting *First Specialty Ins. Corp. v. 633 Partners*, *1324 Ltd., 300 F.App'x. 777, 786 (11th Cir. 2008)).

SoJo claims that Foremost's request for a declaratory judgment is premature as the Court needs "actual facts" to determine whether Foremost has a duty to defend SoJo in the Underlying Action. The Court disagrees. This is not an exceptional case. The Court, therefore, only needs to the review the Policies and the pleadings in the Underlying Action to determine if Foremost's duty to defend has been implicated. *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 143 F. Supp. 3d 1283, 1293–94 (S.D. Fla. 2015). Therefore, Foremost's declaratory relief claim relating to a duty to defend is ripe for review.

5

**B. Duty to Indemnify**

To determine the more limited duty to indemnify, the Court must look beyond the pleadings and into actual facts, which are generally only developed through discovery or upon conclusion of the underlying action. *See Stephens*, 749 F.3d at 1324 (11th Cir. 2014). The Court, therefore, cannot make a determination as to the duty to indemnify at this time. *See Great Am. Assurance Co. v. Walters*, 3:15-CV-1008-J-39JBT, 2015 WL 13567713, at *3 (M.D. Fla. Oct. 7, 2015) (citing with approval a case which allowed "a declaratory action to proceed on the issue of an insurer's duty to defend, but stayed the issue of the insurer's duty to indemnify until (1) the court found that the insurer had a duty to defend, and (2) the underlying state court allocated at least some liability to the insured."). If the Court ultimately determines that Foremost has no duty to defend it will necessarily have no duty to indemnify. *See Burlington Ins. Co. v. Normandy Gen. Partners*, 560 F.App'x. 844, 849 (11th Cir. 2014) ("In sum, because Burlington had no duty to defend Normandy in the Appellants' action against Normandy, Burlington had no corresponding duty to indemnify."). Accordingly, the question of whether Foremost has a duty to indemnify SoJo is stayed pending a determination of the duty to defend and/or the conclusion of the Underlying Action.

## IV. Merits

While the parties fully briefed both jurisdiction and ripeness, they have not fully addressed the merits of the duty to defend. As a result, the Court will wait until SoJo and/or Foremost file substantive motions addressing the issue.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **DENIED in part**. The Court will make a determination as to Foremost's duty to defend SoJo following the parties' submission of substantive briefs. The Court's determination as to Foremost's duty to indemnify is STAYED pending a further resolution of the duty to defend.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of January, 2018.

 

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE